**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:07 CR 100** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **TERRY JOHNSON,** | ) | |
| | ) | |
| Defendant. | ) | |

On June 7, 2013, Defendant Terry Johnson, representing himself, filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (**Doc #: 54**.) For the following reasons, the Motion is **DENIED**.

**I.**

On August 3, 2010, the President signed into law the congressionally enacted Fair Sentencing Act, which significantly reduced, but did not eliminate, a sentencing disparity between federal offenses involving crack and powder cocaine. Specifically, what used to be a 100:1 ratio between the amount of powder and crack needed to trigger mandatory minimum sentences was reduced to a ratio of 18:1. One of the questions raised by this Act was whether it applied retroactively to sentences imposed prior to the Act. On May 17, 2013, a divided panel of the Sixth Circuit held that the new mandatory minimum thresholds for crack cocaine offenses set

forth in the Act applied to otherwise-final sentences under 18 U.S.C. § 3582(c)(2), regardless of when the defendant was sentenced. *United States v. Blewett*, 719 F.3d 482 (6th Cir. May 17, 2013). The majority concluded that subjecting any defendant to the pre-Act statutory mandatory minimum penalties violates the Equal Protection Clause of the U.S. Constitution.

As a result of this case, numerous prisoners who were convicted of crack cocaine offenses and subject to mandatory minimum thresholds under the pre-Act regime, including Mr. Johnson, filed motions to reduce those sentences under 18 U.S.C. § 3582(c)(2). Mr. Johnson, who was sentenced to the mandatory minimum 120 months, asserts that no mandatory minimum would apply following the Fair Sentence Act since he possessed less than 28 grams of crack cocaine. The Government filed responses asking the Court to hold its ruling in abeyance pending the Sixth Circuit's decision on whether to conduct an *en banc* review of *Blewett*, which the Court granted. (Doc ##: 55, 56.) Then, the Government asked the Court to hold its ruling in abeyance pending the Sixth Circuit's *en banc* ruling, which the Court did. (Doc #: 58.)

On December 3, 2013, the Sixth Circuit issued its *en banc* opinion concluding that the Fair Sentencing Act's new mandatory minimums do not apply to defendants who were sentenced prior to its effective date; 18 U.S.C. § 3582(c)(2) does not provide a vehicle for circumventing this interpretation; and the decision does not violate the equal-protection or cruel-and unusual punishment principles articulated in the U.S. Constitution. *United States v. Blewett*, — F.3d —, 2013 WL 5231727 (6th Cir. Dec. 3, 2013). *See also United States v. Sawyers*, No. 3:01-00170, 2014 WL 202368 (M.D. Tenn. Jan. 16, 2014); *Burtton v. Sepanek*, No. 0:13-095-HRW, 2014 WL 186886 (E.D. Ky. Jan. 15, 2014)*; Villaran-Rosado v. United States*, No. 4:13 CV 1292, 2013 WL 6823268 (N.D. Ohio Dec. 23, 2013); *United States v. Henry*, No.08-cr-20234, 2013

WL 6500502 (E.D. Mich. Dec. 11, 2013). On December 5, 2013, the Government filed a final response advising the Court of the *en banc* decision and asserting that Mr. Johnson is, therefore, not entitled to the relief sought. (Doc #: 59).

Based on the Sixth Circuit *en banc* ruling, by which this Court is bound, the Court **DENIES** the pending Motion (**Doc #: 54**).

**IT IS SO ORDERED.**

                                       */s/ Dan A. Polster     February 4, 2014*
                                       **Dan Aaron Polster**
                                       **United States District Judge**